# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY DIVISION

**BILLY JAMES FLEMING,**　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　**Plaintiff,**　　　　　　　　　　　)
**v.**　　　　　　　　　　　　　　　　　　)　　**Civil Action Nos. 5:14-24130**
　　　　　　　　　　　　　　　　　　　　　)　　　　　　　　　　　**5:14-24131**
**JAN-CARE,** *et al.*,　　　　　　　　　　)　　　　　　　　　　　**5:14-24132**
　　　　　　　　　　　　　　　　　　　　　)
　　　　**Defendants.**　　　　　　　　　　)

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following Motions: (1) Defendant Raleigh General Hospital's Motion to Dismiss Complaint (Civil Action No. 5:14-24130, Document No. 15.), filed on September 16, 2014; (2) Defendant Claims Management, Inc.'s Motion to Dismiss Complaint (Id., Document No. 18.), filed on September 24, 2014; (3) Defendant Jan-Care's Motion to Dismiss Complaint (Id., Document No. 20.), filed on September 25, 2014; (4) Defendant Rodney Fisher's "Motion to Dismiss Complaint and Alternative Motion for Summary Judgment for Failure to Comply with the Prerequisites of the MPLA" (Id., Document No. 23.), filed on September 26, 2014; and (5) Plaintiff's letter-form Motion to Dismiss (Civil Action No. 5:14-24130, Document No. 30 and Civil Action Nos. 5:14-24131 and 5:14-24132, Document No. 6.), filed on October 21, 2014.

## PROCEDURAL AND FACTUAL HISTORY

On July 29, 2014, Plaintiff, acting *pro se,* filed his Complaint pursuant to 28 U.S.C. §1332. (Civil Action No. 5:14-24130, Document No. 3.) In his Complaint, Plaintiff names Jan-Care as the Defendant. (Id.) Plaintiff alleges that he was injured as a result of a slip and fall at Wal-Mart on or about November 7, 2013. (Id., p. 9.) Plaintiff asserts that Jan-Care responded to the slip and fall, but failed to use proper protocol when transporting Plaintiff from the scene of the accident. (Id.) Plaintiff

states that Jan-Care employees were aware that Plaintiff hit his head and back on the floor, but failed to use a back board and neck brace when moving Plaintiff. (Id.) Plaintiff states that Jan-Care "forced such patient off the floor." (Id.) Plaintiff alleges that he suffered "three types of strains in [his] back and neck." (Id.) Plaintiff argues that "if Jan-Care would have followed protocol, . . . [he] would not have suffered from such injuries." (Id.) As relief, Plaintiff requests monetary damages. (Id., p. 9.)

On July 29, 2014, Plaintiff, acting *pro se,* filed a Complaint pursuant to 28 U.S.C. §1332 initiating Civil Action No. 5:14-24131. (Civil Action No. 5:14-24131, Document No. 3.) In this Complaint, Plaintiff names Wal-Mart Stores #1351 as the Defendant. (Id.) Plaintiff alleges that on or about November 7, 2013, "I slipped in some clear liquid inside Wal-Mart Business Shopping Center." (Id., p. 8.) Plaintiff claims that "[b]ecause of Wal-Mart's conduct and lack of professional cleaning, I was rushed and transported by Jan-Care to Raleigh General Hospital where I was released and then returned about ten days later on or about 17th or 18th." (Id.) Plaintiff contends that additional x-rays were conducted at Raleigh General Hospital and a doctor ordered chiropractic treatment for his "three types of strains." (Id.) Plaintiff asserts that he "tried to get such treatment, but was refused because [he] did not have a medical card or insurance" and "Wal-Mart refused and their insurance refused to cover such medical treatment." (Id.) Plaintiff argues that Wal-Mart is responsible for the injuries he suffered as a result of his slip and fall. (Id.) As relief, Plaintiff requests monetary damages. (Id., p. 9.)

On July 29, 2014, Plaintiff, acting *pro se,* filed a Complaint pursuant to 28 U.S.C. §1332 initiating Civil Action No. 5:14-24132. (Civil Action No. 5:14-24132, Document No. 3.) In this Complaint, Plaintiff names as Defendants: (1) Raleigh General Hospital; and (2) Doctor Fisher. (Id.) Plaintiff alleges that "[o]n the 7th or 8th of November, I was transported to Raleigh General Hospital

2

by Jan-Care emergency transport unit." (Id., p. 8.) Plaintiff states that he was evaluated by Doctor Fisher. (Id.) Plaintiff alleges that he informed Doctor Fisher that he hit his "head, elbow, and back on the floor very hard." (Id.) Plaintiff complains that Doctor Fisher only "done a head exam" and "put in x-rays for [his] elbow." (Id.) Plaintiff contends that Doctor Fisher was negligent in failing to order x-rays for his back and neck. (Id.) Plaintiff alleges that approximately ten days later, Plaintiff had to be rushed back to the hospital because of "back pain and problems moving [his] neck." (Id.) Plaintiff asserts that he was evaluated by a different doctor on November 17th, who ordered x-rays of his back and neck. (Id.) Plaintiff claims that the x-rays revealed that he needed "therapy treatment for three types of strains." (Id.) As relief, Plaintiff requests monetary damages. (Id., p. 9.)

By Order filed on September 3, 2014, the undersigned consolidated Civil Action Nos. 5:14-24130, 5:14-24131, and 5:14-24132. (Civil Action No. 5:14-24130, Document No. 5.) By Order also entered on September 3, 2014, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed the Clerk to issue process. (Id., Document No. 9.) On September 16, 2014, Defendant Raleigh General Hospital filed its Motion to Dismiss Complaint and Memorandum in Support. (Id., Document Nos. 15 and 16.) Defendant Raleigh County General Hospital argues that Plaintiff's Complaint should be dismissed based on the following: (1) There is no basis for Federal jurisdiction under 28 U.S.C. §§ 1331 or 1332; (2) Plaintiff fails to state a claim upon which relief can be granted because Plaintiff's allegation that Dr. Fisher is employed by Raleigh General Hospital is incorrect; and (3) "[T]he complaint against this defendant must be dismissed as the plaintiff failed to comply with the statutory pre-suit requirements of W.Va. Code § 55-7B-6." (Id.)

3

On September 24, 2014, Defendant Wal-Mart filed its Answer. (Id., Document No. 17.) Also on September 24, 2014, Defendant Claims Management filed its Motion to Dismiss Complaint and Memorandum in Support. (Id., Document Nos. 18 and 19.) Specifically, Defendant Claims Management argues that Plaintiff's Complaint should be dismissed because "the Complaint lacks any allegations whatsoever in regard to the Defendant Claims Management." (Id., Document No. 19.) On September 25, 2014, Defendant Jan-Care filed its Motion to Dismiss Complaint and Memorandum in Support. (Id., Document Nos. 20 and 21.) Specifically, Defendant Jan-Care argues that Plaintiff's Complaint should be dismissed based on the following: (1) There is no basis for Federal jurisdiction; and (2) Plaintiff failed to comply with the statutory pre-suit requirements of West Virginia Medical Professional Liability Act, W.Va. Code § 55-1B-1, *et seq*. (Id.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on September 26, 2014, advising him of the right to file a response to the Defendants' above Motions to Dismiss. (Id., Document No. 22.)

On September 26, 2014, Defendant Rodney Fisher filed his "Motion to Dismiss Complaint and Alternative Motion for Summary Judgment for Failure to Comply with the Prerequisites of the MPLA." (Id., Document Nos. 23 and 24.) Specifically, Defendant Fisher argues that Plaintiff's Complaint should be dismissed based on the following: (1) "Plaintiff has failed to supply a sufficient Notice of Claim and Screening Certificate of Merit in violation of the mandates of the MPLA;" and (2) Federal "jurisdiction is improper as this Complaint does not raise a federal question and there is not diversity among the parties." (Id.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on September 29, 2014, advising him of the right to file a response to the Defendant Fisher's Motion to Dismiss. (Id., Document No. 26.)

On October 21, 2014, Plaintiff filed a letter-form Motion for Voluntary Dismissal. (Civil Action No. 5:14-24130, Document No. 30 and Civil Action Nos. 5:14-24131 and 5:14-24132, Document No. 6.) Plaintiff explains that he incorrectly filed his Complaint in this Court instead of the Circuit Court of Kanawha County. (Id.) Plaintiff, therefore, requests that the above action be dismissed. (Id.)

On October 23, 2014, Defendants Wal-Mart and Claims Management filed their Response to Defendants Jane-Care, Raleigh General Hospital, and Dr. Fisher's Motions to Dismiss. (Id., Document No. 31.) Defendants Wal-Mart and Claims Management state that they "hereby give notice to the Court of their intentions to remain in federal court, further that they do not seek dismissal on jurisdictional grounds." (Id., p. 4.) On February 6, 2015, Defendant Raleigh General Hospital filed its Response to Plaintiff's Motion to Dismiss stating that "it has no objection to dismissal of this Complaint." (Id., Document No. 32.)

## **ANALYSIS**

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow

5

voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

In consideration of the above factors, the undersigned finds that Plaintiff's Motion for Voluntary Dismissal should be granted. A review of the record reveals that Defendant Wal-Mart has filed its Answer (Civil Action No. 5:14-24130, Document No. 17.) and the remaining Defendants (Claims Management, Raleigh General Hospital, Jan-Care, and Dr. Fisher) have filed dispositive motions seeking the dismissal of Plaintiff's Complaint (Id., Document No. 15, 18, 20, and 23.). Specifically, Claims Management argues that Plaintiff's Complaint fails to contain any allegations against it. (Id., Document No. 18.) Defendants Raleigh General Hospital, Jan-Care, and Dr. Fisher argue that this Court lacks jurisdiction and Plaintiff failed to comply with pre-suit requirements of the West Virginia Medical Professional Liability Act. (Id., Document Nos. 15, 20, and 23.) In his Motion for Voluntary Dismissal, Plaintiff appears to request that this Court allow dismissal of the instant action so that he may correct any deficiencies and re-file in a court with jurisdiction. (Id., Document No. 30.) The undersigned notes that none of the Defendants filed a Response opposing

Plaintiff's Motion. At the present stage of the litigation, the undersigned finds that Defendants would not be unfairly prejudiced by the voluntary dismissal of Plaintiff's Complaint. As stated above, it is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Plaintiff's Motion for Voluntary Dismissal (Civil Action No. 5:14-24130, Document No. 30 and Civil Action Nos. 5:14-24131 and 5:14-24132, Document No. 6.), **DENY as moot** Defendant Raleigh General Hospital's Motion to Dismiss Complaint (Civil Action No. 5:14-24130, Document No. 15.), **DENY as moot** Defendant Claims Management, Inc.'s Motion to Dismiss Complaint (Id., Document No. 18.), **DENY as moot** Defendant Jan-Care's Motion to Dismiss Complaint (Id., Document No. 20.), and **DENY as moot** Defendant Rodney Fisher's "Motion to Dismiss Complaint and Alternative Motion for Summary Judgment for Failure to Comply with the Prerequisites of the MPLA" (Id., Document No. 23.).

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger.

7

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiffs, who are acting *pro se*, and transmit a copy to counsel of record.

Date: April 28, 2015.

R. Clarke VanDervort
United States Magistrate Judge